IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-03032-FL

| | |
|---|---|
| CHRISTOPHER DONNELL TERRY, JR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ORDER |
| BRIDGET JENKINS, DANIEL BRAME, PATRICIA ALSTON, and MONICA BOND, | ) ) ) ) ) |
| Defendants.[1] | ) |

The matter is before the court on defendants' motion for summary judgment (DE 18) pursuant to Federal Rule of Civil Procedure 56. Plaintiff did not respond to defendants' motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion.

**STATEMENT OF THE CASE**

On February 5, 2016, plaintiff, a state inmate, filed this civil rights action, *pro se,* pursuant to 42 U.S.C. § 1983, against defendants Bridget Jenkins ("Jenkins"), Daniel Brame ("Brame"), Patricia Alston ("Alston"), and Monica Bond ("Bond"), and former defendants designated as "FCC Board Members" and "DCA Board Members." Plaintiff asserts he was wrongly charged and found guilty of two prison infractions on September 11, 2015, while incarcerated at Warren Correctional

---
[1] In its July 14, 2016, Order, the Court dismissed plaintiff's claims against formerly-named defendants "FCC Board Members" and "DCA Board Members." (See (DE 9) at 1-2). The court has constructively amended the caption of this order to reflect dismissal of these formerly-named defendants.

Institution. On July 14, 2016, the court conducted a frivolity review pursuant to 28 U.S.C. § 1915, dismissed the claims asserted against the FCC Board Members and DCA Board Members, and permitted plaintiff's claims against the remaining defendants to proceed. The court entered a case management order on December 19, 2016.

On June 22, 2017, defendants filed the instant motion for summary judgment, arguing that plaintiff failed to establish a constitutional violation, and, alternatively, that defendants are entitled to qualified immunity. In the appendix to their motion, defendants attach the following: defendant Alston's personal affidavit and defendant Jenkins's personal affidavit. Defendant Alston's affidavit includes the following exhibits: (1) the North Carolina Department of Public Safety's ("NCDPS") Inmate Disciplinary Procedures policy (Exhibit A); (2) plaintiff's offender information, as of June 9, 2017 (Exhibit B); (3) plaintiff's disciplinary infractions (Exhibit C); (4) NCDPS's Inmate Conduct Rules policy (Exhibit D); and (5) the disciplinary proceedings file (Exhibit E).

On June 23, 2017, the court mailed plaintiff a Roseboro letter,[2] which provided plaintiff with notice of the motion, identified his deadline to respond, and stated in bold type, "**if you fail to respond to the motion, the court may grant the motion and enter summary judgment against you**." (Letter from Peter A. Moore, Clerk of Ct., to Christopher Donnell Terry, Jr. (June 23, 2017) (DE 22) at 1).[3] Despite this notice, plaintiff failed to respond to defendants' motion for summary judgment.

---

[2] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[3] The Roseboro letter was sent to petitioner at the Pasquotank Correctional Institution, the address provided on plaintiff's Notice of Change of Address. (See DE 8). The letter was not returned to the court as undeliverable.

**STATEMENT OF THE FACTS**

The undisputed facts may be summarized as follows. In August 2015, defendant Jenkins received information from a confidential source that plaintiff and inmate Cedric Armstrong assaulted inmate Maceo Sellers as part of gang-related activity. (Alston Aff. Ex. E (DE 21-1) at 49). Both plaintiff and Armstrong are designated as United Blood Nation members in NCDPS's inmate database. (Id. ¶ 12). According to defendant Jenkins, the confidential source has provided reliable information about past inmate infractions and she considered the information provided about the assault on Sellers to be reliable. (See Jenkins Aff. (DE 21-2) ¶ 6).[4]

Based on the information received from the confidential source, prison staff initiated an investigation. Sergeant Karen Johnson was the assigned investigating officer. In her Investigating Officer's Report, sergeant Johnson states that she verified defendant Jenkins' report about the incident was "valid." (See Alston Aff. (DE 21-1) Ex. E at 58). Sergeant Johnson also interviewed plaintiff, read defendant Jenkins' report to him, provided plaintiff with an opportunity to submit a written statement about the incident, and collected an additional witness statement on his behalf. (Id.). Plaintiff and Sellers submitted written statements about the incident. Sellers's written statement provided, "[plaintiff] is a close friend of mind [*sic*] there is no way that me and him got into anything." (Id. Ex. E at 63). Plaintiff denied assaulting Sellers in his written statement, and noted that he saw Sellers after the incident and Sellers "didn't look messed up." (Id. Ex. E at 62).

Based on the information obtained during the investigation, plaintiff was charged with two disciplinary infractions: (1) an "A14 offense," defined as "[p]articipate in, or organize, whether individually or in concert with others, any gang or Security Threat Group (STG), or participate in

---

[4]In his complaint, plaintiff alleged that he did not assault Sellers, and he alleged that the confidential source is not reliable. (Compl. (DE-1) at 4).

3

any activity or behavior associated with a Security Threat Group"; and (2) a "B21 offense," defined as "[c]ommit an assault on another in a manner unlikely to produce injury." (See id. ¶ 8 & Ex. A at 9-10).

Defendant Alston served as the Disciplinary Hearing Officer ("DHO") for the hearing on plaintiff's disciplinary charges. (Id. ¶ 10). Plaintiff requested that three witnesses attend his disciplinary hearing: defendant Jenkins, sergeant Hargrove, and Sellers. (Id. ¶ 15). The request for Sellers to attend was denied because he provided a written statement about the incident and the DHO found that further testimony from Sellers would be unnecessary. (See id.). The DHO also denied the requests to have defendant Jenkins and sergeant Hargrove appear because Jenkins was the reporting officer and Hargrove did not have first-hand knowledge of the incident. (Id.). Plaintiff requested staff assistance and physical evidence during the course of the investigation, but he later declined the staff assistance. (Id. ¶ 14). The DHO denied plaintiff's request for physical evidence because no physical evidence of the assault had been collected. (Id.).

On September 11, 2015, the DHO held a hearing regarding plaintiff's disciplinary infractions. (Id. ¶ 16; Ex. E at 49-50). The DHO found plaintiff guilty of both disciplinary charges based upon the following evidence:

> On 8/10/15 at 1000 HRS, Lt. B. Jenkins the FIO stated that she received information from a reliable source that confidential source [*sic*] that has proven to be reliable in the past that on August 02, 2015 at approximately 1130 offender Christopher Terry # 119470 (Level I [Member] United Blood Nation[)] and offender Cedrick Armstrong #0753679 (Level III Member United Blood Nation) assaulted offender Maceo Seller [*sic*] Inmate Terry is being charged with an A14 and B21.
>
> Following the reading of the summary of evidence, the I/M was explained his disciplinary and appeal rights. The I/M pled not guilty to the A14 and B21.

4

Inmate did request written witness statements from Maceo Seller [*sic*] who wrote "Christopher Terry is a close fried of mind [*sic*] there is no way that me and him got in to anything.["] Inmate also requested live witnesses of Sgt[.] Hargrove, Lt. Jenkins and Maceo Seller [*sic*]. Inmate Seller [*sic*] provided a statement therefor [*sic*] the request for him to be a live witness is denied. The request for Lt. Jenkins and Sgt[.] Hargrove to be present is being denied due to Lt. Jenkins being the reporting party; and Sgt[.] Hargrove does not have first hand knowledge of the incident and this is based on the inmate's verbal statement that Sgt[.] Hargrove could verify his character as the barber.

The DHO did read the confidential statement which was provided by Lt. Jenkins who verified that it [*sic*] was used in th [*sic*] past and deeded [*sic*] reliable. Confirms the assault on inmate Maceo Sellars [*sic*], due to gang related activity.

Inmate Terry stated during the hearing "he and Maceo are cool, I did not put my hands on him,["] and no one took him to medical to check to see if I [*sic*] had any bruses [*sic*] or scraches [*sic*] on him. Inmate goes on to state that when he went to work inmate Seller's [*sic*] was find [*sic*], when he returned he was injuried [*sic*] and when he asked (Sellar) [*sic*] what was wrong he stated to him "nothing."

Inmate did request staff assistance and physcal [*sic*] evidence however when asked about the staff assistance the inmate stated "No." In regards to physical evidence there is none therefore it is denied.

The DHO read all the evidence in the disciplinary package and considered the inmate's verbal statement during the hearing.

Based on the reporting party's statement and investigating summary of all information, evidence, or statements developed at the hearing relating to guilt or innocence:
> Officer's report, a finding of guilty is entered for offenses A14 and B21.
> Punishment imposed to deter future acts of this nature.
> Copy of record of hearing, punishment imposed, and appeal form given to inmate by DHO.
> Disc. History considered when imposing punishment.

(Id. Ex. E at 49-50). In her affidavit, defendant Alston stated that she found defendant Jenkins' report and the statement from the confidential source to be more credible than plaintiff and Sellers' statements, and that she was not presented with any evidence suggesting defendant Jenkins had reason to provide false information about plaintiff. (See id. ¶ 17).

As a result of these disciplinary convictions, plaintiff received 60 days segregation, 20 days loss of good-time credits, 60 hours of extra duty, suspension of his visitation and canteen privileges for 180 days, suspension of his radio and recreation privileges for 120 days, and six months of limited draw. (Id. Ex. E at 47).

Plaintiff appealed the DHO's finding to the Director of Prisons, arguing that he was found guilty on the basis of information provided by an unreliable informant, that there was insufficient evidence to support the charges, and that the DHO erred by refusing his requests to have Sellers testify at the hearing and to have physical evidence gathered on his behalf. (Id. ¶ 18 & Ex. E at 44-46). On October 16, 2015, defendant Monica Bond, the Chief Disciplinary Hearing Officer, affirmed plaintiff's disciplinary convictions. (Id. ¶ 18).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Plaintiff asserts that the disciplinary proceedings set forth above violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Due Process Clause mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of a protected liberty interest, such as earned good-time credit or deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. An inmate only is entitled to these procedural protections, however, when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue.[5] Id. at 557-58. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator. Wolff, 418 U.S. at 570-71.

1. Sufficiency of the Evidence

In support of his claim, plaintiff challenges the sufficiency and accuracy of the evidence used to convict him, specifically the use of a "confidential informant whose reliability was not established" and "disregarding the victim's statement that exonerated me."[6] (See Compl. (DE 1) at

---

[5] As noted, plaintiff lost good-time credits as a result of his disciplinary convictions, so these due process protections attach to plaintiff's disciplinary proceedings.

[6] Plaintiff also asserts he was "found guilty solely because I was a low level gang member." See Compl. (DE-1) at 4. The confidential source, however, told defendant Jenkins that the assault was gang-related. (See Alston Aff. (DE 21-1) Ex. E at 49). Thus, plaintiff was not convicted of the A14 offense (participating in gang-related activity) solely

7

4). Generally, decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Walpole, 472 U.S. at 454. Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted).

Here, the record contains evidence that defendant Jenkins received information from a confidential source indicating that plaintiff and Armstrong assaulted Sellers as part of gang-related activity. (See Alston Aff. (DE 21-1) Ex. E at 49). Moreover, according to the NCDPS's offender database, both plaintiff and Armstrong are members of the United Blood Nation gang. (See id. ¶ 12 & Ex. E at 49). The DHO also read the confidential statement provided by the informant, and found that it "confirms the assault on inmate Maceo Sellars [*sic*], due to gang related activity." (See id. Ex. E at 49). Defendant Jenkins also provided a statement indicating that the confidential source had provided reliable information about prison infractions in the past. (See id. Ex. E at 54).

Accordingly, the DHO's determination is supported by "some evidence in the record." Walpole, 472 U.S. at 454; Baker, 904 F.2d at 932.

The court recognizes the record contains some conflicting evidence regarding plaintiff's guilt, including plaintiff's denials during the hearing that he assaulted Sellers and a statement from the victim denying that plaintiff assaulted him. (See Alston Aff. (DE 21-1) Ex. E at 49). That evidence, however, was considered by the DHO and rejected as not credible. (See id.). This court must accept the DHO's credibility determinations when deciding whether "some evidence" supports

---

on the basis of his status as a gang member.

8

the hearing officer's determination. See Solano-Moreta v. Stephens, 536 F. App'x 314, 314 (4th Cir. 2013) (citing Walpole, 472 U.S. at 455) (holding district court properly granted summary judgment to prison officials on due process claim and noting the court is "precluded from making independent credibility assessments or reweighing the evidence" presented at the disciplinary hearing).

Plaintiff also alleges that the confidential source was unreliable. In Baker, the Fourth Circuit considered whether a confidential source's hearsay statements, considered alongside the other evidence in the record, satisfied Walpole's "some evidence" standard. 904 F.2d at 933. The inmate in Baker was convicted of possessing escape contraband. Id. at 927. The Fourth Circuit held the district court properly considered the confidential source's statement because additional evidence in the record corroborated his statement. Id. at 933. The corroborating evidence included the plaintiff's previous escape attempt and the fact the confidential source provided the escape contraband to prison officials. Id. Thus, the court approved use of hearsay statements of confidential sources in prison disciplinary proceedings, so long as other evidence in the record tends to confirm the reliability of the statement.[7] See id.; see also Sira v. Morton, 380 F.3d 57, 78 (2d Cir. 2004) (holding DHO hearing officer reviewing confidential informant's reliability can consider the informant's "identity and reputation" and "the degree to which [the information] is corroborated by other evidence.").

Here, the DHO affirmatively found that the confidential source was reliable, based on defendant Jenkins' past experience with him and the source's statement, which she read during the hearing. (See Alston Aff. (DE 21-1) Ex. E at 49 ("The DHO did read the confidential statement which was provided by Lt. Jenkins who verified that it [*sic*] was used in th [*sic*] past and deeded

---

[7]In Baker, the Fourth Circuit left open whether the "some evidence in the record" standard is satisfied when the sole evidence against the inmate is the hearsay statement of a confidential source. Baker, 904 F.2d at 933.

[*sic*] reliable. Confirms the assault on inmate Maceo Sellars [*sic*], due to gang related activity.")). Moreover, the confidential source stated the incident was "gang related" and identified two individuals who are both members of the United Blood Nation gang (according to the NCDPS offender database) as the perpetrators. And plaintiff's documented history of participating in gang activity and fighting also tends to confirm the confidential source's report. See Baker, 904 F.2d 933; (Alston Aff. (DE 21-1) Ex. C at 34 (showing plaintiff's 2013 disciplinary conviction for participating in gang activity and 2009 and 2010 convictions for fighting)). Thus, "this is not a case where the only evidence before the prison tribunal was the hearsay statement of an unidentified informant." Baker, 904 F.2d at 933.

Plaintiff's disciplinary convictions for engaging in gang-related activity and assaulting an inmate are supported by "some evidence in the record." Walpole, 472 U.S. at 454. As for the remaining Wolff requirements, plaintiff received advance written notice of the disciplinary charges and a written statement by the disciplinary hearing officer of the evidence relied on and the reasons for the disciplinary action, and there is no evidence in the record suggesting the hearing officer was not impartial. (See Alston Aff. (DE 21-1) Ex. E at 49-50, 60) Thus, there is no due process violation. Based upon the foregoing, defendants' motion for summary judgment is GRANTED.

2. Wrongful Disciplinary Conviction

To the extent plaintiff contends that prison officials pursued false disciplinary charges against him, plaintiff may not proceed with such a claim at this time. In order to recover damages for an allegedly unconstitutional conviction, a plaintiff proceeding pursuant to § 1983 must prove that the conviction or sentence at issue "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (citation omitted). The holding in Heck also extends to a prisoner's claim for damages related to the loss of earned good time credits as a result of prison disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, 646 (1997). Here, plaintiff's disciplinary convictions have not been invalidated. Thus, because plaintiff is unable to meet Heck's requirements, defendants motion for summary judgment is GRANTED to the extent plaintiff seeks damages related to the loss of earned good time credits.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE 18) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 28th day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge